UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| RICARDO LARIOS, | ) |
| Petitioner, | ) Civil No. 17-32-HRW |
| V. | ) |
| THOMAS SMITH, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent, | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Ricardo Larios[1] has filed an amended pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the imposition of prison disciplinary sanctions. [D. E. No. 9] This matter is before the Court to conduct an initial screening of Harris's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

On April 2, 2014, Larios provided a urine sample to prison officials. An outside laboratory tested the sample, which came back positive for the presence of barbiturates. Prison medical staff reviewed Larios's medical records and determined

---

[1] Larios was prosecuted under the name Richard Larios-Trujillo. *United States v. Larios-Trujillo*, No. 1:08-CR-446-TCB-LTW-1 (N.D. Ga. 2008). In order to ensure consistency across court records, the Clerk of the Court shall modify the docket to identify the petitioner as "Ricardo Larios a/k/a Richard Larios-Trujillo."

1

that he was not prescribed any medication that would cause a positive test. Therefore, on April 25, 2014, an Incident Report was issued charging Larios with Using Narcotics Not Prescribed by Medical Staff, a Code 112 offense.

Larios was provided with advanced notice of the charges, but chose not to request staff representation or the presentation of witness testimony at the upcoming hearing. A Disciplinary Hearing Officer ("DHO") conducted a hearing on May 5, 2014. At the hearing, Larios denied the charges and stated that he takes Phenytoin, an anti-seizure medication sold under the trade name Dilantin, which can cause a false positive test for barbiturates. However, Larios provided neither testimony nor documentation in support of this claim at the hearing. Based upon the report from the prison's medical department that Larios was not prescribed any medication that would have caused any false positive, the DHO found Larios guilty of the disciplinary offense in a report dated May 12, 2014. The DHO imposed various sanctions, including the forfeiture or disallowance of 231 days of good conduct time. [D. E. No. 9-2 at 11-13]

In his petition, Larios characterizes the DHO's decision as an abuse of process because, he believes, the BOP gains financially by incarcerating inmates longer. He also claims that the sanctions violate his criminal judgment, which he characterizes as a contract between the federal court that imposed it and the BOP. Finally, Larios suggests that the DHO lacked sufficient evidence to find him guilty of the offense in

light of his assertion that Phenytoin is known to cause false positives for barbiturates in lab tests. [D. E. No. 9 at 5-6]

When a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013).

Larios's challenge to the sufficiency of the evidence is without merit. This Court's review of whether there was "some evidence" to support the DHO's factual determinations is extraordinarily deferential: "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). Here, the prison medical department provided the DHO with an unequivocal

3

statement that Larios was not prescribed any medication that would cause a false positive test for barbiturates, and he did not provide any evidence to the contrary at the hearing. Larios has submitted documents in this case that appear to show that he was prescribed Phenytoin in 2012 and 2017, but those documents do not show that he was prescribed the drug in 2014 when it was detected in his urine and the charges were filed. [D. E. No. 4-2 at 3, 5] Based upon the evidence before the DHO at the time his report was issued, the DHO's conclusion was amply supported by "some evidence" and his decision comports with the requirements of due process.

Larios's "abuse of process" claim does not warrant discussion save to note that there is no evidence whatsoever in the record to suggest that the DHO was biased in his decisionmaking. And Larios's assertion that the criminal judgment against him precluded the BOP from disallowing good time credits is both factually and legally baseless. The judgment itself contains no provision at all for good time credits; those are provided for by a federal statute that by its terms states that such credits are conditioned upon compliance with prison rules and are subject to forfeiture. 18 U.S.C. § 3624(b)(1); 28 C.F.R. § 523.20(e) ("The amount of good conduct time awarded for the year is also subject to disciplinary disallowance (see tables 3 through 6 in § 541.13 of this chapter)."). For each of these reasons, Larios's petition must be denied.

Accordingly, it is **ORDERED** as follows:

4

1. The Clerk of the Court shall modify the docket to identify the petitioner as "Ricardo Larios a/k/a Richard Larios-Trujillo."

2. Larios's petition for a writ of habeas corpus [D. E. No. 9] is **DENIED**.

3. The Court will enter a judgment contemporaneously with this order.

4. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 16th day of October, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge